FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

03 APR 15 PM 1: 12

U.S. DISTRICT COURT
N.D. OF ALABAMA

CHANDRIKA V. PATEL,                )

      PLAINTIFF,                     )

VS.                                )          CV-03-H-254-NE

THE CASTNER KNOTT DRY GOODS CO.,)
a/k/a DILLARD DEPARTMENT STORES,
INC., a/k/a DILLARD'S,             )

      DEFENDANTS.                    )

**ENTERED**

**APR 1 5 2003**

### MEMORANDUM OF DECISION

On February 4, 2003 plaintiff filed in this court a
two-count complaint.  Count I charges a violation of Title VII
based upon allegations that defendant discriminated against her
on the basis of her race and/or national origin when it
terminated her employment on or about November 28, 2001.
Plaintiff had been employed by plaintiff from April 9, 2001 until
such discharge as a sales associate at defendant's store in
Huntsville, Alabama.  Count II charges defendant with maliciously
prosecuting  plaintiff in municipal court in the City of
Huntsville accusing her of theft, maliciously and without
probable cause. On February 28, 2003 defendant filed a motion to
dismiss or, alternatively, to stay this action and compel
arbitration.  Attached to the motion was a four-page affidavit of
Mary Davis, the relevant store manager for defendant, which
affidavit identified an attached exhibit as "Rules of

9

Arbitration" developed by the defendant in the Summer of 2001. The affidavit also identified an attached "Acknowledgment of Receipt of Rules of Arbitration" signed by plaintiff on October 18, 2001, and witnessed by an area sales manager for defendant, Deborah Reels.  The motion is now under submission pursuant to the March 5, 2003 order, which treated it as a motion for summary judgment.  In addition to the motion and its attachments, defendant submitted a March 17, 2003 brief in support of the motion.  In opposition to the motion plaintiff submitted on April 4, 2003 a brief and six affidavits, including the affidavit of plaintiff.

In the affidavit of plaintiff she states she was never provided a copy of the rules governing arbitration and did not understand the acknowledgment which she signed on October 18, 2001.  The import of the other five affidavits is the same.  The court observes, however, that the issue raised by plaintiff in her affidavit is itself a matter for the arbitrator to determine by virtue of the sections under the Rules of Arbitration entitled "INTERPRETATION AND APPLICATION OF THESE RULES" and the "ENFORCEMENT."  Plaintiff argues that another judge of this court has concluded in cases challenging this identical arbitration agreement that the agreement is unenforceable in whole because the agreement curtails plaintiff's statutory right to recover attorney's fees and consequently does not permit effective vindication of an employee's Title VII rights.  Apart from the fact that such a holding would not prevent the application of the

2

arbitration agreement to the Count II malicious prosecution claim in this action, the court does not agree with the conclusion reached by a fellow judge.  The court observes that the arbitration agreement expressly authorizes the arbitrator to award statutory attorney's fees to the same extent as this court could do under Title VII should plaintiff be a prevailing party with regard to a Title VII claim.  Under the heading "PARTICIPATION IN COSTS," the Rules of Arbitration expressly provide:

> If the arbitrator rules totally in your favor on a claim under which fees and costs can be granted under law, then the arbitrator has the same authority as a judge to award to you reasonable attorney's fees and other costs.

The subjunctive aspect of that sentence is nothing more than the Title VII requirement that plaintiff be a prevailing party as to a claim in her case.

The court concludes there is no dispute as to any material fact and is of the opinion that the alternative motion to stay this action and to compel arbitration is to be granted. Further, since defendant filed on February 28, 2003 a motion to compel arbitration, the court treats the commencement of this action as the initiation by plaintiff of the arbitration process contemplated by the Rules of Arbitration.

A separate order will be entered.

DONE this ___15th___ day of April, 2003.

James W. Hancock

SENIOR UNITED STATES DISTRICT JUDGE